## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| LYNNE DONOVAN, ) | |
| ) | CIVIL COMPLAINT |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. 2:19-CV-3006 |
| FIRSTCREDIT, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | **JURY DEMAND** |

## COMPLAINT

Now comes LYNNE DONOVAN ("Plaintiff") complaining as to the conduct of FIRSTCREDIT, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*, and the Ohio Consumer Sales Practices Act ("CSPA") under Ohio Rev. Code Ann. § 1345 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Southern District of Ohio and substantial portion of the events giving rise to the claims occurred within this District.

1

**PARTIES**

4. Plaintiff is a natural person residing within the Southern District of Ohio.

5. Defendant is a third-party debt collector.  *About*, FirstCredit Incorporated (*last visited* Jul. 10, 2019), http://www.collectioncentral.com/FirstCredit/about.html.

6. Defendant is an Ohio corporation, headquartered in Akron, Ohio, that regularly collects upon consumers in Ohio.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8. On or about April 11, 2019, Defendant sent to Plaintiff a letter demanding payment of a purported medical debt incurred with Mount Carmel Health System.

9. The envelope containing the letter features a two large glassine windows, one of which displays a return address along with a blank checkbox next to the statement:  "Payment in full is enclosed."

10. Near the top of the letter inside the envelope is a large, red, bolded "notice" reading, "NOTICE:  This Account May be Reported to a Credit Bureau."

11. This statement was potentially misleading in that the "least sophisticated consumer" viewing it might not notice the checkbox or recognize that it indicated a list of options for the consumer to choose among, and such consumer might instead believe that the envelope contained a payment to the consumer.

2

12.     This statement also created the very real risk that anyone who caught a glimpse of Plaintiff's mail would recognize that she was receiving mail from a debt collector, thereby causing her great embarrassment and emotional distress.

### COUNT I—VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

13.     Plaintiff realleges the paragraphs above as though fully set forth herein.

14.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

15.     Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.  In the alternative, Defendant is a "debt collector" under § 1692a(6) because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16.     The subject alleged debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes, being in this case a personal medical debt.

17.     The FDCPA, pursuant to 15 U.S.C. § 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect a debt."

18.     The statement "[p]ayment in full is enclosed," is deceptive in that the letter did not contain payment of any sort.

19.     The statement was a means to attempt to collect a debt because it could, and on information and belief was intended to, mislead the "least sophisticated consumer" into opening the letter and viewing the large, red, bolded "notice" printed on the letter inside, as part of a strategy to persuade consumers to pay Defendant.

20. The FDCPA, pursuant to 15 U.S.C. § 1692f(8) prohibits a debt collector from "[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business."

21. The statement "[p]ayment in full is enclosed" implies that the letter concerns some matter for which payment might be necessary and is typical of the sort of language included on the interior of debt collection letters.  Such language that implies the subject of the letter is precisely what Congress intended to prohibit when it enacted § 1692f(8).

22. Defendant therefore violated these provisions when it mailed to Plaintiff a letter on which the statement "[p]ayment in full is enclosed" is visible through the glassine window, and Plaintiff is entitled to relief.

### COUNT II – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

23. Plaintiff realleges the paragraphs above as though fully set forth herein.

24. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

25. Plaintiff is a "person" as defined by R.C. 1345.01(B).

26. Defendant is a "supplier" as defined by R.C. 1345.01(C).  *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016), *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016).

27. Debt collection is a "consumer transaction" as defined by R.C. 1345.01(A).

28. R.C. §1345.09(B) thus grants Plaintiff a private right of action against Defendants for $200 per violation of the CSPA, plus noneconomic damages of up to $5,000 per violation in an amount to be determined at trial, plus attorney fees.

29. Defendants committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), when Defendants engaged in acts and practices in violation of the FDCPA as set forth above.

30. Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. 1345.01 *et seq*. *See, e.g.*, *Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03"); *see also Taylor v. First Resolution Invest. Corp.*, 148 Ohio St.3d 627 (Ohio 2016).

31. The CSPA's prohibition against seeking statutory minimum damages in a class action conflicts with and is preempted by Fed. R. Civ. P. 23's requirements for class certification. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) (Scalia, J.) (holding, in the narrowest concurrence, that "Rule 23 . . . falls within § 2072(b)'s authorization. A class action, no less than traditional joinder . . ., merely enables a federal court to adjudicate claims of multiple parties at once, instead of in separate suits. And like traditional joinder, it leaves the parties legal rights and duties intact, and the rules of decision unchanged.").

32. Plaintiff and all class members are therefore entitled to statutory damages of $200 per violation.

## CLASS ALLEGATIONS

33. Plaintiff brings this claim on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

34. The class consists of (a) all individuals in Ohio, (b) to whom Defendant mailed a letter seeking to collect upon a debt, (c) displaying, through the glassine window or otherwise on the exterior of the envelope, the language quoted in paragraph 10, *supra*, (d) which letter was received on or after July 12, 2018 and on or prior to July 11, 2019.

35. The class is so numerous that joinder of all members is not practicable. On information and belief, there are hundreds of class members.

36. There are questions of law and fact common to the class members that predominate over any questions relating to individual class members. The predominant question is whether the placement and content of the statement complained of violates the FDCPA and CSPA.

37. Plaintiff's claims are typical of the claims of all class members. All are based on the same factual and legal theories.

38. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained competent counsel familiar with FDCPA, CSPA, and class action litigation and with the resources necessary to pay for class notice and discovery costs.

39. A class action is superior for the fair and efficient adjudication of this matter, in that individual actions are not economically feasible and many if not most class members are unaware of their rights.

6

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment as follows:

**a.**     Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

**b.**     Awarding statutory damages of $1,000.00 per plaintiff per alleged debt, up to the lesser of $500,000 or 1% of Defendants' net worth, to the class;

**c.**     Awarding statutory damages of $200 per violation per class member for violations of the CSPA to the class;

**d.**     Awarding Plaintiff, as class representative, statutory damages of $1,000;

**e.**     Awarding Plaintiff, as class representative, statutory damages of $200 per violation of the CSPA;

**f.**     Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

**g.**     Awarding Plaintiff costs and reasonable attorney fees, with a multiplier, as provided under R.C. 1345.09(F)(2);

**h.**     Awarding Plaintiff the costs of this action; and

**i.**     Awarding any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Dated:  July 11, 2018

> By:  s/ Geoffrey Parker
>
> Geoffrey Parker (0096049)
> HILTON PARKER LLC
> 10400 Blacklick-Eastern Rd NW, Suite 110
> Pickerington, OH 43147
> Tel: (614) 992-2277
> Fax: (614) 427-5557
> gparker@hiltonparker.com
>
>
> By:  s/ Jonathan Hilton
>
> Jonathan Hilton (0095742)
> HILTON PARKER LLC
> 10400 Blacklick-Eastern Rd NW, Suite 110
> Pickerington, OH 43147
> Tel: (614) 992-2277
> Fax: (614) 427-5557
> jhilton@hiltonparker.com